IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SAMUEL DANIELS, ON BEHALF OF HIMSELF AND A CLASS OF OTHERS SIMILARLY SITUATED; AND LETICIA ANDERSON, <br><br> Plaintiffs, <br><br> v. <br><br> TRADITIONAL LOGISTICS AND CARTAGE, LLC, A KENTUCKY LIMITED LIABILITY COMPANY; et al, <br><br> Defendants. | Case No. 4:20-cv-00869-RK |

## ORDER

Before the Court is Plaintiffs' motion for class certification. (Doc. 62.) The motion has been fully briefed. (Docs. 62, 73, 82, 88.) After careful consideration and for the reasons below, the motion is **DENIED**.

## Background

Plaintiff Samuel Daniels filed his Complaint on October 28, 2020, alleging, among other things, that Defendants Traditional Logistics and Cartage, LLC ("TLC"), RCS Transportation, LLC ("RCS"), and Valiant Management and Holdings, LLC ("Valiant") (jointly, "Defendants") unlawfully discriminated against him in violation of 42 U.S.C. §§ 2000e, *et seq.* and 42 U.S.C. § 1981 when they failed to promote or failed to upgrade him from a casual driver to a Full-Time Driver. (Doc. 1 at ¶ 1.) On July 23, 2021, Plaintiff Daniels filed a motion for leave to file an Amended Complaint to add Leticia Anderson as a second named plaintiff in this case. (Doc. 39.) After Defendants did not respond to Plaintiff Daniels' motion to file an Amended Complaint by the deadline to do so, on August 18, 2021, the Court granted Plaintiff Daniels' motion to amend the complaint as unopposed. (Doc. 40.) Plaintiffs Samuel Daniels and Leticia Anderson (collectively, "Plaintiffs") filed their Amended Complaint on August 18, 2021. (Doc. 41.) In their Amended Complaint, Plaintiffs seek relief individually and on behalf of two classes which they allege are "similarly situated" in that they are black employees who were passed over for the

opportunity to become Full-Time Drivers in favor of other non-black employees. (Doc. 41, ¶¶ 93-95.)

Specifically, Plaintiffs claim Defendants (1) chose not to promote or upgrade Plaintiffs and others similarly situated to the Full-Time Driver position, (2) failed to utilize a documented system or standard for selecting which casual drivers to hire as Full-Time Drivers, and (3) failed to utilize an application system for casual drivers to apply to become Full-Time Drivers. (*Id.* at ¶¶ 108-110, 125, 139-41, 156.) Plaintiffs seek to certify two classes: "(1) All Black/African-American Casual Drivers who were employed by Defendant TLC at its Kansas City, Missouri facility between May 2018 and the present; and (2) All Black/African-American Casual Drivers who were employed by Defendant TLC at its Kansas City Missouri facility between May 2019 and the present." (Doc. 62 at 16.)

After Plaintiffs filed their Amended Complaint, on August 30, 2021, Defendants filed a motion to dismiss, arguing Plaintiff Anderson's Counts I, II, V, and VI (Title VII race discrimination claims) in the Amended Complaint failed to state a claim upon which relief may be granted, because she failed to exhaust administrative remedies as she had not filed a complaint with the Equal Employment Opportunity Commission ("EEOC") or the Missouri Human Rights Commission. (Doc. 48.) The Court denied Defendants' motion to dismiss on November 12, 2021, finding an EEOC investigation into race discrimination reasonably could be expected to result from Plaintiff Daniels' timely filed amended charge and that Defendants were on adequate notice of a race discrimination claim from Daniels' amended charge, and therefore Plaintiff Anderson could rely on Plaintiff Daniels' timely filed EEOC charge to exhaust administrative remedies as to her claims. (Doc. 78 at 6.)

While their motion to dismiss was pending, Defendants filed a motion for summary judgment on Count V (Disparate Impact: Race – Failure to Promote) and Count VI (Disparate Impact: Race – Failure to Upgrade) of the Amended Complaint. (Doc. 59.) Also during the pendency of Defendants' motion to dismiss and motion for summary judgment, Plaintiffs filed this motion for class certification. Following full briefing on all three of these motions, Plaintiff Daniels filed a notice of withdrawal of class representation in which he voluntarily withdrew as class representative. (Doc. 83.) The notice indicated Plaintiffs' class certification briefing "already contemplated the adequacy of Plaintiff Anderson as a class representative." (*Id.*) Defendants were granted leave to file a sur-reply in opposition to Plaintiffs' motion for class

certification in order to address the material change in the designated class representatives for the putative class. (Docs. 85-87.)

**Standard**

"In order to obtain class certification, a plaintiff has the burden of showing that the class should be certified and that the requirements of Rule 23 are met." *Ebert v. Gen. Mills, Inc.*, 823 F.3d 472, 477 (8th Cir. 2016). The Court "adheres to a rigorous analysis of the Rule 23 requirements[.]" *Sandusky Wellness Ctr., LLC v. Medtox Sci., Inc.*, 821 F.3d 992, 996 (8th Cir. 2016). Plaintiffs must satisfy the four explicit prerequisites in Rule 23(a) and at least one of the three subsections of Rule 23(b). *Ebert*, 823 F.3d at 477. The four Rule 23(a) prerequisites are: "numerosity of plaintiffs, commonality of legal or factual questions, typicality of the named plaintiff's claims or defenses, and adequacy of representation by class counsel." *Id.* To obtain certification of a Rule 23(b)(3) class, Plaintiffs must also show that common questions "predominate" over individual questions and that a class action is "superior" to other available methods of adjudication.[1]

**Discussion**

Defendants contest Plaintiffs' proposed adverse action classes as to numerosity, commonality, predominance, typicality, adequacy of party plaintiff, and superiority. Additionally, following Plaintiff Daniels' withdrawal as class representative, Defendant argues Plaintiffs have not shown Plaintiff Anderson is an adequate class representative individually, no authority supports substituting a non-filing class representative under these circumstances, and Defendants are prejudiced by substitution of class representation at this late stage. Because the Court finds the issues of adequacy of representation and the filing requirement dispositive, Defendants' additional arguments are not addressed.

Here, the Court is faced with an unusual situation in which the initial class representative has voluntarily withdrawn from acting as class representative. The remaining class representative did not exhaust her administrative remedies by timely filing an administrative charge. This important shift in the posture of Plaintiffs' case took place just after the motion for class certification had been fully briefed but before a class could be certified or the motion denied. The only remaining class representative, Plaintiff Anderson, did not timely file a charge, but rather, the

---

[1] Plaintiffs do not request to certify a Rule 23(b)(1) class or a Rule 23(b)(2) class.

3

single-filing rule had allowed her to "piggy-back" on Plaintiff Daniels' timely filed charge. Now, though, there is no class representative who has filed his or her own charge to satisfy the charge obligation of all the members of the class and to provide standing to raise the appropriate issues for those class members who did not.

This situation impacts the Court's analysis of adequacy of representation as required under Rule 23(a) for class certification. To be sure, "[c]ourts have regularly held that the timely filing of an administrative charge by a named plaintiff in a class action satisfies the charge obligation of all members of the class." *Robinson v. Sears, Roebuck & Co.*, 111 F. Supp. 2d 1101, 1117 (E.D. Ark. 2000) (citing *Beckmann v. CBS, Inc.*, 192 F.R.D. 608, 616 (D. Minn. 2000); *Tolliver v. Xerox Corp.*, 918 F.2d 1052, 1056 (2nd Cir. 1990), cert. denied, 499 U.S. 983 (1991)). In other words, under the single-filer rule, class members' claims may be deemed to be administratively exhausted by "piggy-backing" on the administrative charge filed by a named plaintiff. To utilize the single-filer rule, however, a named plaintiff must have timely filed an administrative charge. As the Eighth Circuit has explained, "[w]hile it is true that every class member need not file an EEOC action, it is also true that the class representative must have filed an EEOC charge in order to have standing to raise the appropriate issues for those class members who did not." *Briggs v. Anderson*, 796 F.2d 1009, 1018-19 (8th Cir. 1986) (citing *Allen*, 554 F.2d at 882; *Oatis v. Crown Zellerbach Corp.*, 398 F.2d 496, 499 (5th Cir. 1968)). More simply, "a plaintiff has no standing to be named as a class representative unless he or she has filed an EEOC charge in accordance with the law." *Clayborne v. Omaha Pub. Power Dist.*, 211 F.R.D. 573, 597 (D. Neb. 2002) (citing *Briggs*, 796 F.2d at 1018). Plaintiff Anderson is now the only class representative. Plaintiff Anderson has not filed a charge as she "must have . . . in order to have standing to raise the appropriate issues for those class members who did not." *Briggs*, 796 F.2d 1009, 1018.

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." "The adequacy of representation issue is of critical importance in all class actions and the court is under an obligation to pay careful attention to the Rule 23(a)(4) prerequisite in every case." *Clayborne*, 211 F.R.D. at 597 (citing *Vervaecke v. Chiles, Heider & Co., Inc.,* 578 F.2d 713, 719 (8th Cir. 1978)). In the same vein,

> seeking to represent a large group of people as a class representative in a lawsuit is a very heavy responsibility. It should never be undertaken lightly, and the court should allow such representation only upon a firm foundation that the named plaintiffs are willing and [ ] able to shoulder that burden.

4

*Ralston v. Volkswagenwerk, A.G.*, 61 F.R.D. 427, 434 (W.D. Mo. 1973).  As a non-charge-filing Plaintiff, Plaintiff Anderson does not meet the requirement of adequacy under Rule 23(a)(4).

Further, as noted by Defendants in their sur-reply, Plaintiffs gave no timely indication to Defendants or the Court that Plaintiffs' case would so substantially change as it has with the withdrawal of Plaintiff Daniels as class representative.  The first notice to Defendants and the Court of Plaintiff Daniels' withdrawal as class representative came only after Defendants had expended extensive time, effort, and resources conducting discovery with Plaintiff Daniels, including his deposition, and preparing a defense based on the claims he asserted in his EEOC charge, as well as premising the arguments in their opposition to Plaintiffs' motion for class certification on Plaintiff Daniels being the class representative. (Doc. 88 at 7-8.)  To certify the class now with Plaintiff Anderson as class representative under these circumstances, and at this late stage, would result in undue prejudice to Defendants.  Daniels' withdrawal as class representative took place after significant discovery and motion practice based on Plaintiff Daniels serving as class representative, after the close of discovery and the full briefing of multiple motions, and with Defendants not having had notice of the need to conduct discovery and include additional arguments in briefing relating to Plaintiff Anderson.  More broadly, to certify the class under these circumstances would incentivize improper manipulation in the designation and substitution of class representatives in class action litigation.

On the record before the Court at this juncture, the proposed classes cannot be certified.  Plaintiff Anderson is unable to fairly and adequately protect the interests of the classes because she failed to timely file an administrative charge upon which the members of the class can piggy-back to satisfy their own charge obligation.[2]

---

[2] In so ruling, the Court recognizes the existence of competing policy concerns.  For instance, because Plaintiff Daniels timely filed an EEOC charge, there has been no attempt to bypass the EEOC in this case, and therefore it is arguably not significant that only Plaintiff Anderson is the class representative rather than both Plaintiff Daniels and Plaintiff Anderson.  *See also Allen v. Amalgamated Transit Union Loc. 788*, 554 F.2d 876, 883 (8th Cir. 1977) (citing *Local 179, United Textile Wkrs. v. Fed. Paper Stock Co.*, 461 F.2d 849 (8th Cir. 1972) (holding that the filing of an EEOC complaint by a union on behalf of its members satisfied the exhaustion requirement, allowing the employees themselves to file suit, and concluding that, because there had been no attempt to bypass the EEOC, it was insignificant that the Union had filed the administrative charges rather than the employees themselves)).  Similarly, the purposes of the filing requirement – notice and conciliation – were fulfilled by Plaintiff Daniels' timely filed charge of racial discrimination in failure to promote or upgrade.  *See Winbush v. Iowa By Glenwood State Hosp.*, 66 F.3d 1471, 1478 (8th Cir. 1995) ("The purpose of the filing requirements is to enable conciliation by the EEOC and to protect defendants from surprise.")  Nevertheless, this Court is bound by the clear statement of law set forth in *Briggs* limiting the application of the single-filer rule.  Accordingly, while acknowledging

## Conclusion

Accordingly, Plaintiffs' motion for class certification (Doc. 22) is **DENIED**.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: May 5, 2022

---

the competing policy concerns and the remedial nature of § 1981 and Title VII, the Court follows the binding authority of *Briggs* and finds Plaintiff Anderson is unable to fairly and adequately protect the interests of the classes, having not filed a charge of discrimination to raise the appropriate issues for those class members who did not and upon which the members of the class can piggy-back to satisfy their own charge obligation.