IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| SAMUEL DANIELS and LETICIA ANDERSON, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No.: 4:20-cv-00869-RK ) |
| TRADITIONAL LOGISTICS AND CARTAGE, LLC, *et al.*, | ) ) ) ) |
| Defendants. | ) |

**PLAINTIFFS' SECOND MOTION FOR LEAVE TO AMEND THE COMPLAINT AND TO JOIN ADDITIONAL PLAINTIFFS AND CONSOLIDATED SUGGESTIONS IN SUPPORT OF SAME**

Plaintiffs respectfully move this Court pursuant to Fed. R. Civ. P. 15(a)(2) and L.R. 7(a) and 15.1, for leave to file their proposed Second Amended Complaint, attached hereto as Exhibit A, and to join Stephanie Hardy, Perry Young, Ellery Leggs, Marquita Summer, Adriana Seward, Sharon Warren, Brian Hunt, Gail Norton, Tony Young, and Brian Tolbert (hereinafter collectively referred to as the "proposed new Plaintiffs") as Plaintiffs pursuant to Fed. R. Civ. P. 20(a)(1). Accordingly, Plaintiffs offer the following consolidated suggestions in support of their motion.

**I.   Overview of Relevant Facts and Procedural Background**

On October 28, 2020, Plaintiff Sam Daniels filed a Complaint for Damages alleging Defendants Traditional Logistics and Cartage, LLC ("TLC"), RCS Transportation, LLC ("RCS"), and Valiant Management and Holdings, LLC ("Valiant") (collectively, "Defendants") intentionally discriminated against him based on his race by not considering him for promotion from "casual" to "full-time" driver status in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), and of 42 U.S.C. § 1981. (Doc. #1.) Plaintiff Daniels's Complaint further alleged that, pursuant to Title VII, Defendants engaged in a pattern and practice

of hiring that resulted in a disparate impact on Black employees. *Id.* Finally, Plaintiff Daniels alleged in his complaint, pursuant to Fed. R. Civ. P. 23, that a putative class of other similarly-situated black casual drivers were likewise adversely affected by Defendants' conduct *Id.* On January 8, 2021, this Court entered a Scheduling and Trial Order, which set July 23, 2021, as the deadline to join parties or amend the pleadings. (Doc. #21.)

Plaintiff Daniels filed a motion to amend the complaint to join Leticia Anderson as a Plaintiff on July 23, 2021 (Doc. #39) which the Court granted on August 18, 2021. (Doc. #40.) Plaintiffs Daniels and Anderson filed their motion for class certification on September 24, 2021 (Doc. #62), and on November 24, 2021, Plaintiff Daniels withdrew his willingness to serve as class representation. (Doc. #83.) On May 5, 2022, the Court denied Plaintiff Anderson's—as the only remaining proposed class representative—motion for class certification (Doc. # 89) and granted Defendants' motion for partial summary judgment, dismissing Plaintiffs' Title VII disparate impact claims (Doc. #90), and entered a revised scheduling order on May 26, 2022, setting at June 26, 2022, the deadline to further amend the Amended Complaint and join additional Plaintiffs. (Doc. #95.)

## II. Legal Standard, Authorities, and Analysis

Plaintiffs seek leave to amend their complaint pursuant to Fed. R. Civ. P. 15(a)(2), which provides that when not amending "as a matter of course," that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." It is well established that, "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the

opposing party by virtue of allowance of the amendment, futility of amendment, *etc*.—the leave sought should, as the rules require, be 'freely given.'" *Foreman v. Davis*, 371 U.S. 178, 182 (1962).

This is the Plaintiffs' second request to amend the Complaint, and the request is timely made prior to the expiration of the current deadline to amend the pleadings and join parties. Moreover, Plaintiffs' request is made in good faith, and not for dilatory motive or for the purpose of causing undue delay.

Plaintiff's proposed Amended Complaint seeks to add a number of putative class members as additional named Plaintiffs to the case. Pursuant to Fed. R. Civ. P. 20,

> Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action.

The Eight Circuit has stated "that the transaction/occurrence requirement prescribed by Rule 20(a) is not a rigid test and is meant to be 'read as broadly as possible whenever doing so is likely to promote judicial economy.'" *Davis v. Palumbo*, No. 4:19-00686-CV-RK, 2019 WL 6915949, at *3 (W.D. Mo. Dec. 19, 2019) (quoting *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 622 (8th Cir. 2010)). "The Eighth Circuit construes the term 'transaction' broadly, finding Rule 20 'would permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding.'" *Robinson v. Midwest Division-RMC, LLC*, No. 4:19-CV-0934-SRB, 2020 WL 2151880, at *1 (W.D. Mo. May 5, 2020) (quoting *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974)).

The result in *Robinson* is instructive. In that case, the court found that, "While each proposed plaintiff holds a different job title than [the plaintiff] and reported to different supervisors, their alleged injuries arise from the same general policy and practice of discrimination purportedly practiced by [the defendant] against African American employees, including unfair

treatment and the systematic denial of promotional opportunities." 2020 WL 2151880, at *2. The court further found that "the fact that each proposed plaintiff allegedly suffered racial discrimination in different contexts or under different circumstances does not prohibit joinder." *Id.* In contrast, as is evident from the proposed Second Amended Complaint, the proposed new Plaintiffs allege they were subjected to the exact same harm as Plaintiffs Daniels and Anderson. (*See, e.g.* Exhibit A at ¶¶ 61-101.) As such, they assert rights arising out of precisely the same transactions and occurrences as the two existing Plaintiffs, and the questions of law and fact will be identical between the two.

Although these proposed new Plaintiffs concede they did not file their own, separate charges of discrimination with regard to Defendants' conduct, Plaintiff Daniels's charge of discrimination indisputably included allegations sufficient to place the EEOC—and Defendants— on notice of the class claims, and the proposed new Plaintiffs are members of the putative class for purposes of the class claims alleged by Plaintiff Daniels. "Under the single-filing rule, once a single plaintiff has filed an administrative charge, other plaintiffs may join the suit without filing separate charges by 'piggybacking' on the original charge." *Simpson v. Boeing Co.*, 27 F. Supp. 3d 989, 991 (E.D. Mo. 2014) (citing *Kloos v. Carter–Day Co.*, 799 F.2d 397, 400 (8th Cir.1986); *Turner v. Sw. Bell Telephone L.P.*, No. 4:04–CV–1688 (SNL), 2006 WL 903373, at *6 (E.D. Mo. Apr. 7, 2006)). "In order for a single administrative charge to serve as the basis for a class action without undermining these twin goals of notice and conciliation, the charge must 'fairly anticipate class claims.'" *Simpson*, 27 F. Supp. at 992 (quoting *Kloos*, 799 F.2d at 400). Mr. Daniels's Amended Charge of Discrimination clearly put Defendants and the administrative agency that class claims were expected to follow. The narrative to Mr. Daniels's Amended Charge, under a heading of "Class Allegations" unambiguously articulated factual allegations meant to satisfy the

requirements of numerosity, commonality, typicality, and adequacy. (*See* Doc. #1, Exhibit 9 at 2-3.)

After the Court granted leave to amend Plaintiff Daniels's initial Complaint to include Plaintiff Anderson, Defendants moved to dismiss Plaintiff Anderson's claims under Title VII, arguing that Plaintiff Anderson could not "piggyback" off of Plaintiff Daniels's administrative charge because Plaintiff Daniels—as Defendants argued—had specifically been "a complaint of discrimination based on race *plus* sex." (*See* Doc. #48; Doc. #49 at 6[1].) However, the Court resoundingly rejected this argument, finding that "Plaintiff Anderson's Title VII claims are, at least, 'like or reasonably related to the substance' of Plaintiff Daniels's amended charge timely brought before the EEOC, and no broader than 'the scope of the EEOC investigation which reasonably could be expected to result from' Daniels's amended charge." (Doc. #78 at 6 (citing *Lindeman v. Saint Luke's Hosp. of Kansas City*, 899 F.3d 603, 608 (8th Cir. 2018); *Kirklin v. Joshen Paper & Packaging of Arkansas Co.*, 911 F.3d 530, 536 (8th Cir. 2018)).) Thus, any renewed argument by Defendants that any of the proposed new Plaintiffs could not "piggyback" on Plaintiff Daniels's administrative charge based on an alleged failure to exhaust remedies would be futile, verging on frivolous.

Despite not making any such argument with regard to Ms. Anderson's claims, Defendants may argue that the proposed new Plaintiffs' claims are untimely, as more than three years have passed since the last round of hiring in 2019 and it has been nearly two years since the EEOC issued Plaintiff Daniels's notice of right to sue. However, it is axiomatic that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the

---

[1] To the extent a filing party's pagination differs from the pagination implemented by the Court's CM/ECF system, Plaintiffs utilize the Court's.

class who would have been parties had the suit been permitted to continue as a class action." *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 554 (1974). As previously discussed, there is no valid argument that any of the proposed new Plaintiffs would not have been members of at least one of the two proposed classes in this case. Therefore, the statutes of limitations on their claims have been equitably tolled during the pendency of this case until the Court denied class certification on May 5, 2022. Further, because these proposed new Plaintiffs are "piggybacking" on Plaintiff Daniels's administrative charge and were never provided their own notices of right to sue by the EEOC, they are entitled to the full 90-day statute of limitations during which a Plaintiff must normally file suit after receipt of such notice. *See Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 353–54 (1983); *Ahmad v. Int'l Bus. Machines Corp.*, No. 5:10-CV-310, 2012 WL 1940666, at *4 (D. Vt. May 29, 2012) (citing *Crown, Cork & Seal Co.*, 462 U.S. at 354). Because this motion is filed within fifty days of the Court's denial of class certification, such motion is timely.[2]

### III.     Conclusion

For the foregoing reasons, Plaintiffs respectfully request that this Court grant their Motion for Leave to file their proposed Second Amended Complaint, deem Plaintiffs' Second Amended Complaint timely filed as of the date of this motion (*see*, *e.g., Gordon v. Powell*, No. 4:11–CV–01228–BCW, 2012 WL 3656444 (W.D. Mo. Aug. 23, 2012) (order by this Court deeming the plaintiff's Amended Complaint filed on the date the plaintiff requested leave to amend));  and grant all other relief as the Court deems just and proper.

*(Signature on following page)*

---

[2] It should also be noted that Defendants agreed to this deadline in the Joint Proposed Scheduling Order (Doc. #94.) In light of the fact that the tolling issue is equitable in nature, it certainly seems that it would be severely *inequitable* to now permit Defendants to argue that the motion was untimely.

Respectfully Submitted,

CORNERSTONE LAW FIRM

By: */s/ Joshua P. Wunderlich*
    M. Katherine Paulus   MO BAR 60217
    m.paulus@cornerstonefirm.com
    Joshua P. Wunderlich MO BAR 64254
    j.wunderlich@cornerstonefirm.com
    5821 NW 72nd Street
    Kansas City, Missouri 64151
    Telephone       (816) 581-4040
    Facsimile        (816) 741-8889

    ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this  24th  day of  June , 2022, a true and correct copy of the foregoing was e-filed via the Court's ECF filing system, which automatically caused an electronic notice to issue to the following counsel of record:

Thomas E. Rice         rice@bscr-law.com
David M. Eisenberg     eisenberg@bscr-law.com
John L. Kellogg        jkellogg@bscr-law.com
Teresa E. Hurla        thurla@bscr-law.com
Nicholas S. Ruble      nruble@bscr-law.com
BAKER STERCHI COWDEN & RICE LLC
2400 Pershing Road, Suite 500
Kansas City, MO 64108

                                             */s/ Joshua P. Wunderlich*
                                             Attorney for Plaintiffs