IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SAMUEL DANIELS, ON BEHALF OF HIMSELF AND A CLASS OF OTHERS SIMILARLY SITUATED; AND LETICIA ANDERSON, <br><br> Plaintiffs, <br><br> v. <br><br> TRADITIONAL LOGISTICS AND CARTAGE, LLC, A KENTUCKY LIMITED LIABILITY COMPANY; et al; <br><br> Defendants. | Case No. 4:20-00869-CV-RK |

**ORDER**

Before the Court is Plaintiffs' second motion for leave to amend the complaint and to join additional plaintiffs. (Doc. 96.) The motion is fully briefed. (Docs. 99, 106.) For the reasons below, the motion is **GRANTED.**

**Background**

Plaintiff Samuel Daniels dually filed an amended charge of discrimination against Defendants with the EEOC and with the MCHR. (Doc. 1-9.) Both were timely filed. On the EEOC charge form, Plaintiff Daniels checked boxes for "race" and "sex" discrimination. (*Id*.) On July 30, 2020, the EEOC sent Plaintiff Daniels a letter stating it was terminating its processing of his charge and notifying him that he had a right to sue in court. (Doc. 1-10.)

Plaintiff Daniels filed his initial Complaint on October 28, 2020, alleging, among other things, that Defendants Traditional Logistics and Cartage, LLC ("TLC"), RCS Transportation, LLC ("RCS"), and Valiant Management and Holdings, LLC ("Valiant") (jointly, "Defendants")[1] unlawfully discriminated against him in violation of 42 U.S.C. §§ 2000e, *et seq.*, and 42 U.S.C.

---

[1] TLC, RCS, and Valiant are all limited liability companies organized in the state of Kentucky with their principal places of business in Kentucky and conducting substantial and continuous business in Missouri. (Doc. 41 at ¶¶ 4-18.) At all times relevant to this case, TLC, RCS, and Valiant operated out of the same principal place of business and conducted and/or maintained and/or managed a place of business in Kansas City, Missouri. (*Id.* at ¶ 22.) Management and administrative decisions for Defendants TLC and RCS are performed by Defendant Valiant. (*Id.* at ¶ 23.) Defendants all share the same Chief Financial Officer, Chief Executive Officer, and Chief Operations Officer. (*Id.* at ¶¶ 24, 26.)

§ 1981 when they failed to promote or failed to upgrade him from a Casual Driver to a Full-Time Driver. (Doc. 59 at ¶ 1.) On July 23, 2021, Plaintiff Daniels filed a motion for leave to file an Amended Complaint to add Leticia Anderson as a second named plaintiff in this case, which the Court granted. (Docs. 39, 40.) On August 18, 2021, Plaintiffs Samuel Daniels and Leticia Anderson filed their Amended Complaint, in which they sought relief individually and on behalf of two classes which they alleged are "similarly situated" in that they are Black employees who were passed over for the opportunity to become Full-Time Drivers in favor of other non-Black employees. (*Id.* at ¶¶ 3-5; Doc. 41, ¶ 93.)

After Plaintiffs filed their Amended Complaint in this case, on August 30, 2021, Defendants filed a motion to dismiss, arguing Plaintiff Anderson's Counts I, II, V, and VI (Title VII race discrimination claims) in the Amended Complaint failed to state a claim upon which relief may be granted because she failed to exhaust administrative remedies. (Doc. 48.) The Court denied Defendants' motion to dismiss on November 12, 2021, finding an EEOC investigation into race discrimination reasonably could be expected to result from the timely filed amended charge, and thus that Defendants were on adequate notice of a race discrimination claim from the amended charge. (Doc. 78 at 6.)

Thereafter, Defendants filed a motion for summary judgment on Count V (Disparate Impact: Race – Failure to Promote) and Count VI (Disparate Impact: Race – Failure to Upgrade) of the Amended Complaint. (Doc. 59.) Plaintiffs moved for class certification just after Defendants filed their motion for summary judgment. (Doc. 62.) Then, Plaintiff Daniels withdrew his willingness to serve as class representative. (Doc. 83.)

In analyzing Plaintiffs' motion for class certification, the Court noted:

the Eighth Circuit has explained, "[w]hile it is true that every class member need not file an EEOC action, it is also true that the class representative must have filed an EEOC charge in order to have standing to raise the appropriate issues for those class members who did not." *Briggs v. Anderson*, 796 F.2d 1009, 1018-19 (8th Cir. 1986) (citing *Allen*, 554 F.2d at 882; *Oatis v. Crown Zellerbach Corp.*, 398 F.2d 496, 499 (5th Cir. 1968)). More simply, "a plaintiff has no standing to be named as a class representative unless he or she has filed an EEOC charge in accordance with the law." *Clayborne v. Omaha Pub. Power Dist.*, 211 F.R.D. 573, 597 (D. Neb. 2002) (citing *Briggs*, 796 F.2d at 1018). Plaintiff Anderson is now the only class representative. Plaintiff Anderson has not filed a charge as she "must have . . . in order to have standing to raise the appropriate issues for those class members who did not." *Briggs*, 796 F.2d 1009, 1018.

(Doc. 89 at 2.) The Court went on to conclude that the proposed classes could not be certified because Plaintiff Anderson was unable to fairly and adequately protect the interests of the classes due to her failure to timely file an administrative charge upon which the members of the class could piggy-back to satisfy their own charge obligation. (*Id.* at 5.)

In ruling on Defendants' motion for summary judgment, the Court found Plaintiff could not show the challenged policy or practice (Defendants' failure to utilize a documented system or standard or application system for Casual Drivers to apply) for selecting which Casual Drivers to promote to Full-Time caused a disparate impact on black Casual Drivers. Because of Plaintiffs' small sample size and reliance on baseline statistics, with no expert analysis to control or account for other variables that may affect the promotion decisions cited, the Court concluded Plaintiffs' disparate impact claims in Counts V and VI could not survive summary judgment. Accordingly, the Court granted Defendants' motion for summary judgment on Counts V and VI of the Amended Complaint. (Doc. 90.)

At this point, there remain two counts of disparate treatment for failure to promote or upgrade (Counts I and II) and two counts of intentional discrimination under 42 U.S.C. § 1981 (Counts III and IV). Plaintiffs now seek leave to amend pursuant to Fed. R. Civ. P. 15(a)(2) and L.R. 7(a) and 15.1 and seek to join additional plaintiffs pursuant to Fed. R. Civ. P. 20.

**Legal Standards**

I. **Leave to Amend**

Generally, a district court should freely give leave to a party to amend its pleadings when justice so requires. Fed. R. Civ. P. 15(a). However, the Court may properly deny a party's motion to amend its complaint for reasons "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Delay alone is not a reason in and of itself to deny leave to amend; the delay must have resulted in unfair prejudice to the party opposing amendment." *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001) (quoting *Sanders v. Clemco Indus.*, 823 F.2d 214, 217 (8th Cir. 1987)). "The burden of proof of prejudice is on the party opposing amendment." *Sanders v. Clemco Indus.*, 823 F.2d 214, 217 (8th Cir. 1987).

II. **Joinder**

Rule 20 governs joinder and provides:

Persons may join in one action as plaintiffs if:

(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1). "The purpose of the rule is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir. 1974) (concluding that a "company-wide policy purportedly designed to discriminate against blacks in employment . . . arises out of the same series of transactions or occurrences.") Because "[s]ingle trials generally tend to lessen the delay, expense and inconvenience to all concerned . . . '[u]nder the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.'" *Id.* at 1332-33 (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966)).

In analyzing whether a specific factual scenario is a single transaction or occurrence for purposes of Rule 20, a case-by-case approach is typically used. *Id.* at 1333. Though there is no bright-line rule, "construction of the terms 'transaction or occurrence' as used in the context of Rule 13(a) counterclaims offers some guide to the application of this test." *Id.*

To determine whether a counterclaim arises out of the same transaction or occurrence as the initial complaint the Eighth Circuit has articulated four tests. *Cochrane v. Iowa Beef Processors, Inc.*, 596 F.2d 254, 264 (8th Cir. 1979). Specifically: (1) Does the counterclaim raise issues of law and fact that are largely the same with the initial claim?; (2) Would res judicata bar a subsequent suit on the counterclaim?; (3) Will substantially the same evidence support or refute the initial claim and counterclaim?; and (4) is there a logical relationship between the initial claim and the counterclaim? *Id.* If the answer is "yes" to any of these inquiries, the claim and counterclaim arise out of the same transaction or occurrence and supplemental jurisdiction is proper. *Pecore v. Jennie-O Turkey Store, Inc.*, 990 F. Supp. 2d 984, 988 (D. Minn. 2014).

**Discussion**

Plaintiffs seek to join ten additional plaintiffs: Stephanie Hardy, Perry Young, Ellery Leggs, Marquita Summer, Adriana Seward, Sharon Warren, Brian Hunt, Gail Norton, Tony

4

Young, and Brian Tolbert (collectively, "Proposed Plaintiffs"). Each Proposed Plaintiff is Black and is or was a Casual Driver for Defendants. The proposed second amended complaint would assert a discrimination claim under 42 U.S.C. §§ 2000e et seq. for failure to promote on behalf of all plaintiffs (Count I), a discrimination claim under 42 U.S.C. §§ 2000e et seq. for failure to upgrade on behalf of all plaintiffs (Count II), a discrimination claim under 42 U.S.C. § 1981 for failure to promote on behalf of Plaintiffs Daniels, Anderson, Hardy, Perry Young, Seward, Hunt, Norton, and Tony Young (Count III), and a discrimination claim under 42 U.S.C. § 1981 for failure to upgrade on behalf of Plaintiffs Daniels, Anderson, Hardy, Perry Young, Seward, Hunt, Norton, and Tony Young (Count IV).

## I. Leave to Amend

Plaintiffs argue amendment is appropriate because their request was timely made prior to the expiration of the current deadline to amend the pleadings, the request was made in good faith, and not for dilatory motive or for the purpose of causing undue delay. Defendants argue Proposed Plaintiffs fail to state a claim for disparate treatment due to their failure to plead (1) sufficient facts showing each Proposed Plaintiff was qualified for the promotion and showing the promoted non-Black employees were similarly situated, and (2) any facts, other than conclusory assertions, sufficient to raise an inference of discrimination, because they cannot rely on "pattern and practice" allegations and no facts or inferences drawn therefrom demonstrate a racial animus against Plaintiffs.

On review of the record, the Court finds that justice requires Plaintiffs should be granted leave to amend their pleadings under Rule 15(a).

First, Plaintiffs' motion was timely. Under the current scheduling order, the "amendment of pleadings" deadline was June 26, 2022. (Doc. 95.) Plaintiffs timely filed their motion for leave to amend the complaint before that deadline, on June 24, 2022. (Doc. 96.) Second, regarding the standard under FRCP 15(a), leave to amend should be freely granted when justice so requires. Here, the Court finds no "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman*, 371 U.S. 182. Finally, despite any prejudice that may occur to Defendants, the Court finds such prejudice is not overburdensome. Therefore, given the liberal standard courts apply to timely filed motions for leave to amend, granting leave to amend in this case is warranted.

5

In so ruling, however, the Court recognizes this case was filed October, 28, 2020, nearly two years ago. Under the Federal Rules of Civil Procedure, the Court has a duty "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. "[T]he public has an interest in the prompt disposition of civil litigation, an interest that has been enacted into positive law via the Civil Justice Reform Act of 1990." *Ruszczyk as Tr. for Ruszczyk v. Noor*, 349 F. Supp. 3d 754, 765 (D. Minn. 2018) (quoting *Chagolla v. City of Chicago*, 529 F.Supp.2d 941 at 946-47 (citing 28 U.S.C. §§ 471-82)). The Civil Justice Reform Act ("CJRA") "calls for a series of sweeping changes at the local and national levels targeted at making federal civil litigation more affordable, more accessible and less time consuming . . . [and] expressly seeks to 'improve litigation management, and ensure just, speedy, and inexpensive resolutions of civil disputes.'" *Standard Havens Prod., Inc. v. Gencor Indus., Inc.*, 810 F. Supp. 1072, 1077 (W.D. Mo. 1993), *rev'd on other grounds*, 996 F.2d 1236 (Fed. Cir. 1993) (quoting 28 U.S.C.A. § 471 (Supp.1992)) (citation omitted). One way the CJRA works toward these goals is through required reporting of cases that have been pending before a district court for over three years. *See Bepex Int'l, LLC v. Hosokawa Micron, BV*, No. 19-CV-2997 (KMM/JFD), 2022 WL 2045673, at *1 (D. Minn. June 7, 2022). In light of the Court's responsibility under the Federal Rules of Civil Procedure and the CJRA, along with the relative age of this case, Plaintiffs are warned any future motions for leave to amend will be viewed with utmost caution.

## II. Joinder

Plaintiffs argue joinder is appropriate because the Proposed Plaintiffs allege they were subjected to the exact same harm as Plaintiffs Daniels and Anderson, thus asserting rights arising out of precisely the same transactions and occurrences as the two existing Plaintiffs, and the questions of law and fact will accordingly be identical between the two. Defendants argue permissive joinder is not justified because (1) the Proposed Plaintiffs are not sufficiently similar because male and female drivers were not subject to the same allegedly discriminatory treatment, (2) claims under 42 U.S.C. § 1981 should be dismissed because Plaintiffs cannot establish but-for causation, and (3) Defendants will be unduly prejudiced by the addition of ten new plaintiffs, which will cause unnecessary jury confusion and undue discovery burdens.

The Court finds joinder is appropriate here. First, Plaintiffs' motion was timely. Under the current scheduling order, the "joinder of parties" deadline was June 26, 2022. (Doc. 95.) Plaintiffs timely filed their motion to join the additional parties before that deadline, on June 24,

2022. (Doc. 96.) Second, regarding the standard under FRCP 20, the claims against Defendant all involve allegations that Defendant failed to promote or upgrade each Proposed Plaintiff due to race. Thus, the claims arise out of the same transaction, occurrence, or series of transactions or occurrences. Further, because the allegations involve the same time period and decisionmaker, there will be common questions of law and fact. Finally, despite any prejudice that may occur to Defendant, the Court finds such prejudice is not overburdensome, and is certainly less burdensome than Defendant would face if each Proposed Plaintiff instead filed separate suits against Defendants. To the extent that every Proposed Plaintiff may not ultimately be entitled to a full measure of recovery, this concern is premature and can be addressed as needed at a later stage of litigation. Therefore, given the liberal standard courts apply to motions to join, joinder in this case is warranted. *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966) ("[T]he impulse is toward the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.").

## Conclusion

Accordingly, Plaintiffs' motion for leave to amend and to join additional plaintiffs (Doc. 96) is **GRANTED.** Plaintiffs shall file their Second Amended Complaint joining the additional Plaintiffs as described therein on or before August 10, 2022.

**IT IS SO ORDERED.**

/s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: August 8, 2022