IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SAMUEL DANIELS, ON BEHALF OF HIMSELF AND A CLASS OF OTHERS SIMILARLY SITUATED, et al.;<br><br>Plaintiffs,<br><br>v.<br><br>TRADITIONAL LOGISTICS AND CARTAGE, LLC, et al.;<br><br>Defendants. | Case No. 4:20-cv-00869-RK |

## ORDER

Before the Court is Defendants' Rule 12(b)(6) motion to dismiss Counts I and II of Plaintiffs' second amended complaint asserting employment-discrimination claims under Title VII of the Civil Rights Act of 1964. (Doc. 112.) Defendants argue Counts I and II must be dismissed as to certain Plaintiffs other than Plaintiff Samuel Daniels[1] (1) as untimely, and (2) for failure to exhaust administrative remedies. The motion is fully briefed. (Docs. 113, 118, 120.) After careful consideration and for the reasons explained below, the motion to dismiss is **DENIED**.

**I. Background**

This case was filed as a putative class-action employment-discrimination case asserting claims, in relevant part, under Title II, 42 U.S.C. § 2000e *et seq*. In September 2021 – one month after having filed a first amended complaint with leave – Plaintiffs Samuel Daniels and Leticia Anderson filed a motion under Federal Rule of Civil Procedure 23 to certify a class as to the employment-discrimination claims. (Doc. 62.) The Court denied class certification on May 5, 2022. (Doc. 89.) The next month, on June 24, 2022, Plaintiffs sought leave to file a second amended complaint to add as plaintiffs ten individuals ("additional plaintiffs")[2] who had been part of the putative class for these employment-discrimination claims. (Doc. 96.) The motion was granted on August 8, 2022. (Doc. 108.) Plaintiffs' second amended complaint was due August

---

[1] These are Plaintiffs Leticia Anderson, Stephanie Hardy, Perry Young, Ellery Leggs, Marquita Summer, Adriana Seward, Sharon Warren, Brian Hunt, Gail Norton, Tony Young, and Brian Tolbert.
[2] The "additional plaintiffs" to be added in the second amended complaint were Plaintiffs Hardy, Young, Leggs, Summer, Seward, Warren, Hunt, Norton, Young, and Tolbert.

10, 2022. (*Id.*) However, Plaintiffs did not timely file their second amended complaint pursuant to the Court's order. Instead, on September 14, 2022, Plaintiffs filed a motion for leave to file the second amended complaint out of time pursuant to Federal Rule of Civil Procedure 6(b)(1)(B). (Doc. 109.) The Court granted Plaintiffs' motion on September 19, 2022, and Plaintiffs filed a second amended complaint on the same day. (Docs. 110, 111, respectively.)

II. Discussion

   A. Timeliness of Plaintiffs' Second Amended Complaint

Defendants argue Plaintiffs' second amended complaint is untimely under Title VII's 90-day statute of limitations and therefore must be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Dismissal of a claim as time-barred under an applicable statute of limitations is appropriate pursuant to a Rule 12(b)(6) motion to dismiss only so long as the complaint's untimeliness is apparent from the face of the complaint itself. *Couzens v. Donohue*, 854 F.3d 508, 516 (8th Cir. 2017).

Title VII plaintiffs generally have 90 days after receiving a notice of right to sue to file a complaint. § 2000e-5(f). A Title VII complaint filed after this statutory period means the plaintiff's claims are time-barred and subject to dismissal. *See Brinkman v. Nasseff Mech. Contractors Inc.*, 251 F. Supp. 3d 1266, 1273-76 (D. Minn. 2017). Nearly 50 years ago in *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), the United States Supreme Court held that a properly filed class action generally tolls any statute of limitations applicable to putative class members. *Id.* at 554. In *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345 (1983), the Supreme Court held that under these circumstances a statute of limitations remains tolled as to putative class members "until class certification is denied," at which point "class members may choose to file their own suits or to intervene as plaintiffs in the pending action." *Id.* at 354. In the context of a putative class action for employment discrimination brought under Title VII, then, once a motion for class certification is denied, putative class members "retain[] a full 90 days in which to bring suit." *Id.*

Here, the Court denied Plaintiffs' motion for class certification on May 5, 2022. On June 24, 2022, Plaintiffs filed a motion to amend the complaint and add the additional plaintiffs. At this point 50 days out of the 90-day Title VII time-period for former putative class members to file suit had expired. In filing the motion to amend (as required in order to file an amended complaint, *see* Fed. R. Civ. P. 15(a)(2)), the Title VII statutory period was again tolled pending the Court's

ruling as to Plaintiffs' motion to amend. *See Mayes v. AT&T Info. Sys., Inc.*, 867 F.2d 1172, 1173 (8th Cir. 1989) (amended complaints are deemed filed within the limitations period so long as motion for leave to amend the complaint – which is required to file an amended complaint – is filed within the statutory period) (collecting cases).[3]

In turn, the statutory Title VII clock began to run once again on August 8, 2022, when the Court granted Plaintiffs' motion to amend. The parties agree that when the Title VII clock began to run again, 50 days had already lapsed (as the time between when Plaintiffs' motion for class certification was denied and when the Court granted Plaintiffs' motion for leave to amend the complaint). (Docs. 118 at 5; 120 at 1 n.1.) As a result, when the Title VII 90-day statutory period again began to run against the additional plaintiffs, there was a balance of 40 days remaining to file a Title VII complaint (here, by operation of filing the proposed second amended complaint in this case that added the additional plaintiffs as parties).[4] Forty days after August 8, 2022, was September 17, 2022. Accordingly, Defendants argue that Plaintiffs' second amended complaint – filed on September 19, 2022 – is untimely as to the additional plaintiffs because it was filed two days outside Title VII's 90-day statutory period as applied in this case. The Court disagrees.

Although not recognized by any party, September 17, 2022, was a Saturday. As a result, the 90-day statutory period expired on the following Monday or September 19, 2022, the day on which Plaintiffs ultimately filed the second amended complaint (albeit with leave to do so out of time only as to the Court's August 8 order). *See* Fed. R. Civ. P. 6(a)(1)(C) (when a deadline falls on a Saturday, Sunday, or legal holiday, the period continues until the end of the next day that is not a Saturday, Sunday, or legal holiday); *see also Brinkman v. Sprinkler Fitters Local #417*, No. 19-2981 (PAM/TNL), 2020 WL 3642314, at *2 (D. Minn. July 6, 2020) (finding Title VII complaint timely filed by operation of Rule 6(a)(1)(C)); *Silver v. Cmty. Educ. Ctrs., Inc.*, No. 14-5019, 2014 WL 4931291, at *8 (E.D. Pa. Oct. 2, 2014); *Mims v. Monroe Cty. Bd. of Educ.*, No.

---

[3] Although not acknowledged in their motion to dismiss, Defendants concede in their reply that Plaintiffs' filing of the motion for leave to amend tolled the statute of limitations until the Court ruled on the motion. (Doc. 120 at 1.)

[4] The Court notes that the August 8, 2022 order required Plaintiffs to file the second amended complaint by August 10, 2022, which they failed to do. Nonetheless, the Court ultimately granted Plaintiffs' motion for leave to file the second amended complaint out of time on September 19, 2022, which as explained in the text above falls within Title VII's 90-day time-period. The question here is solely Title VII's statutory time-period. Defendants emphasize in their reply that they are not challenging the September 19 order granting Plaintiffs' request to file the second amended complaint out of time (Doc. 120 at 7).

13-006430KD-M, 2014 WL 2508732, at *3 (S.D. Ala. June 4, 2014); *Akridge v. Gallaudet Univ.*, 729 F. Supp. 2d 172, 178 (D.D.C. 2010). The second amended complaint is therefore not untimely under Title VII's 90-day statutory time-period. Defendants' motion to dismiss on this ground is therefore **DENIED**.

### B. Title VII Claims by "Female Plaintiffs"

Defendants also argue that the claims of Plaintiffs Anderson, Hardy, Summer, Seward, Warren, and Norton ("Female Plaintiffs") are barred under Title VII because they failed to exhaust administrative remedies and they cannot "piggyback" on Plaintiff Daniels' discrimination charge. (Doc. 113 at 16-18.) Defendants acknowledge this issue has already been considered (and rejected) by the Court (Docs. 48, 49, 78), but state they wish to renew their argument here as to the second amended complaint. For the reasons previously set forth in denying Defendants' first motion to dismiss on this ground (there, as to Plaintiff Anderson) (Doc. 78), Defendants' motion to dismiss the Title VII claims of the Female Plaintiffs asserted in the second amended complaint is **DENIED**.

### III. Conclusion

Defendants' Rule 12(b)(6) motion to dismiss Plaintiffs' second amended complaint as untimely and for failure to exhaust as to the Female Plaintiffs is **DENIED**.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: December 22, 2022